PER CURIAM.
| denied. Relator’s post-conviction application, filed September 2, 2014, was not untimely filed in the district court pursuant to La.C.Cr.P. art. 930.8, because the court of appeal’s dismissal of relator’s second appeal on January 31, 2013, constitutes an affirmance of his sentence. See City of Shreveport v. Jones, 172 La. 833, 834, 135 So. 373, 374 (1931). Nonetheless, relator’s application is repetitive. La.C.Cr.P. art. 930.4.
Relator has now filed and fully litigated his second application for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state 12collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.